
FILED
2009 Jun-10 PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL STEPP,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Case No. 2:08-cv-00523-SLB |
| ) | |
| **MIKE HALE,** ) | |
| ) | |
| **Defendant** ) | |

## **MEMORANDUM OF OPINION**

The magistrate judge entered a report and recommendation on April 15, 2009, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. The plaintiff filed objections to the report and recommendation on April 23, 2009. (Doc. # 55).

The plaintiff first objects to the magistrate judge's finding that the plaintiff's requests for declaratory judgment and release from jail with regard to his March 2, 2008, arrest and subsequent conviction were rendered moot upon his release on August 27, 2008. The plaintiff states that he "was still being subjected to the unconstitutional Alabama Community Notification Act after his release on August 27, 2008, which would not render his declaratory request moot." (Doc. # 55 at 2).

The magistrate judge's finding that the plaintiff's claims for declaratory and injunctive relief are moot applies only to the extent the plaintiff seeks such relief based on his 2008 arrest and conviction. The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201; *see also* Fed. R. Civ. P. 57. Because the Declaratory Judgment Act limits this court's jurisdiction to an actual controversy, "a declaratory judgment may not be used to secure judicial determination of moot questions." *Native Village of Noatak v. Blatch*, 38 F.3d 1505, 1514 (9th Cir. 1994); *see Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937)("A 'controversy' in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot.")

Based on the foregoing, the plaintiff's claims for declaratory and injunctive relief with regard to his 2008 arrest and conviction are moot and due to be dismissed. Moreover, even if the plaintiff's claims for declaratory and injunctive relief are not moot, they necessarily imply the invalidity of the 2008 arrest and conviction and are not cognizable under § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(a

prisoner's "claim for [both] declaratory and injunctive relief and money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned).

To the extent the plaintiff argues that the CNA subjects him to ongoing constitutional violations and requests relief for the same, those claims were properly addressed in the report and recommendation. Specifically, the plaintiff alleges that the CNA violates the Ex Post Facto Clause, is vague, and overly broad. The magistrate judge found that the plaintiff's constitutional challenges to the CNA, if successful, would necessarily imply the invalidity of a conviction on the criminal charge(s) pending against him and his claims, therefore, are not cognizable under § 1983. *See Uboh v. Reno*, 141 F.3d 1000, 1006 (11th Cir. 1998); *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000); *Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir. 1996). Moreover, this outcome applies regardless of whether the plaintiff seeks declaratory, injunctive, or monetary relief.[1] *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Next, the plaintiff objects to the finding that the Eighth Amendment was not implicated when the plaintiff was arrested and jailed in 2008 for violating the notice

---

[1] The plaintiff states in his objections that he has a "protected right to have his Ex Post Facto claim [addressed] under a Federal Declaratory Judgment ruling." (Doc. # 55 at 3).

provision of the CNA.  The plaintiff contends that "it is unconstitutional to arrest a person due to their status of being homeless." (Doc. # 55 at 2).

As with the plaintiff's ex post facto, vagueness, and overbreadth claims, the plaintiff's Eighth Amendment challenge, if successful, would necessarily imply the invalidity of his 2008 conviction and potential conviction on the criminal charge(s) pending against him and is not cognizable under § 1983.  The United States Supreme Court held in *Heck v. Humphrey*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994).  Therefore, when a prisoner seeks damages in a § 1983 action, the district court must consider whether a judgment in favor of the plaintiff

would necessarily imply the invalidity of his conviction. If that would be the result of the court's action, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *See Heck* at 486-87. Because the plaintiff's Eighth Amendment claim implicates state criminal proceedings that have not been invalidated and also challenges the legality of a future conviction on the pending criminal charge(s), any request for damages is premature and must be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DONE** this 10th day of June, 2009.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE